United States District Court
District of MN

Plaintiff: Doctor's Associates Inc.

vs

Defendant: Subway.sy LLC & Hari Kotian

Case # 09-3148 JMR/AJB

Answer

RECEIVED
09 NOV 24 PM 2:24
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

SCANNED
NOV 25 2009
U.S. DISTRICT COURT MPLS

## COUNT I: TRADEMARK INFRINGEMENT UNDER SECTION 32 OF LANHAM ACT

Q1. In reference to your point #25: How is it that SUBWAY.SY is trading on DAI's goodwill and trademark? We are operating in a country where NO ONE knows SUBWAY or DAI, hence WE are not trading on DAI's reputation or trademark as the primary TOOL for growth and revenue.

Q2. In reference to your point #26: How is it that SUBWAY.SY is causing irreparable harm to DAI? We are not operating within any of the 50 states in the USA.

Q3. In reference to your point #27: What are the 'SO CALLED' damages DAI has suffered that SUBWAY.SY's actions have caused? We would like an explanation.

## COUNT II: TRADEMARK INFRINGEMENT & UNFAIR COMPETITION UNDER SECTION 43(A) OF LANHAM ACT

Q1. In reference to your point #30: We are not using any of DAI's copyrighted images or trade marked materials such as LOGO, PICTURES, WORD MARKS, etc.

Q2. In reference to your point #31: Our actions DO NOT represent or convey the message that our services are originated or somehow affiliated with that of DAI. Our website clearly states that WE ARE NOT affiliated with DAI or any of its affiliates.

Q3. In reference to your point #33: We DID NOT willfully or deliberately made an attempt to trade upon the goodwill of DAI or SUBWAY marks as NONE of our marketing materials represent any of DAI or SUBWAY marks.

Q4. In reference to your point #34: What are the 'SO CALLED' damages DAI has suffered that SUBWAY.SY's actions have caused? We would like an explanation.

## COUNT III: TRADEMARK DILLUTION UNDER 15 U.S.C. § 1125 (C)

## COUNT IV: VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT UNDER 15 U.S.C. § 1125 (D)(1)(A)

Q1. In reference to your point #50: How is registering a domain be translated as bad faith intent to profit? We are in no way or shape or form offering or providing any services under DAI or SUBWAY marks through our website. Also, if this were true, then any domain with the word 'SUB' should be banned. It's almost like saying, NO ONE can use the word FRENCH FRIES or iPHONE on their domain names.

Q2. In reference to your point #52: Our domain name subway-sy.com is not diverting NOR can it divert consumers who are searching for goods or services provided by DAI and/or SUBWAY. Also, subway.com.sy and subwbay.sy

domain names are not acquired or owned by DAI. We own the www.subway.sy and our website is up and running. The .COM.SY extensions is not even supported. We have done our research with NETWORK SOLUTIONS and the domain is not available for purchase by anyone since the domain extension is not supported.

Q3. In reference to your point #53: How can you claim that we had actual knowledge of the SUBWAY marks? Soon as were notified by DAI's attorney of this dispute, we made changes to our LOGO, our website and anything and everything that were similar to and/or had resemblance to SUBWAY marks. Hence, we did not act deliberately to disregard DAI's copyright materials.

### COUNT V: CANCELLATION OF MN TRADEMARK REGISTRATION UNDER MINN. STAT. § 333.25

Q1. In reference to your point #56: We did not file our MARK improperly with the State of Minnesota. We followed the procedures and filed for it. Also, we agree that we did not acquire all the details of the DAI rights to the word marks prior to our filing.

Q2. In reference to your point #57: We did not obtain our MARK fraudulently with the detail knowledge of DAI's rights. Again, we changed all our marks soon as we received the notice of this dispute.

### COUNT VI: VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES ACT UNDER MINN. STAT. § 325D.44

Q1. In reference to your point #64: Our marks are NOT MEANT to cause confusion or misunderstanding to the source sponsorship, approval or certification of goods or services nor to deceive consumers.

Q2. In reference to your point #67: How is it that our conduct resulted in DAI's damage? This could be the FACT if we were to trade and operate in the State of Minnesota or within the USA.

### COUNT VII: DILUTION AND INJURY TO BUSINESS REPUTATION UNDER MINN. STAT. § 333.285

Q1. In reference to your point #71: How can you claim that our SUB sandwiches are substantially lower in quality compared to DAI's products and services? We do not have any services or goods offered in the USA. Also, we are not FALSELY ADVERTISING or CLAIMING sponsorship from DAI. So, this claim does not justify and is CERTAINLY not carrying any weight.

Defendant asks the Court to  REVIEW THE ANSWERS ATTACHED HEREIN.
_____
_____
_____

Dated  11/24/09

_____
Defendant's Signature
HANI KOTIFANI
Print Name
10473 PURDEY ROAD
Address
EDEN PRAIRIE, MN 55347
City/State/Zip
952 221 2384
Telephone